1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEANNE M. HALL,

11          Plaintiff,                    No. 2:12-cv-1856 LKK GGH PS

12   vs.

13   MOORETOWN RANCHERIA/
     FEATHER FALLS CASINO, et al.,
14                                        ORDER

15          Defendants.

16   _____/

17          Plaintiff, proceeding in this action pro se and in forma pauperis, filed her original

18   complaint on July 13, 2012.  Presently before the court is defendants' motion to dismiss, filed

19   February 4, 2013,[1] to which plaintiff has filed an opposition.[2]

20   BACKGROUND

21          Plaintiff's complaint alleges that defendants violated her civil rights by

22   discriminating against her based on her race.  ECF No. 1.  Plaintiff names several defendants in

23   her complaint: two Tribes of Maidu Indians of California, the Mooretown Rancheria and

24          _____

25          [1]  The motion was submitted on the record without a hearing by order of March 6, 2013.

26          [2]  Plaintiff filed a document styled as a "Deposition of Non-Dismissal" (ECF No. 18)
     which the court construes as an Opposition to Defendants' Motion to Dismiss.

1  Enterprise Rancheria[3]; Gary Archuleta, the Mooretown Tribe's Chairman; Francine McKinley,

2  the Mooretown Tribe's Director of Indian Children Welfare; the Mooretown Tribe's Feather

3  Falls Casino; and, Debra Rasmussen, plaintiff's daughter.

4         The impetus of the complaint relates to the custody of defendant Rasmussen's

5  daughter, Tiger Lily Rasmussen.  Plaintiff has been Tiger Lily's guardian since 2006.  In her

6  complaint, plaintiff alludes to a dispute regarding Tiger Lily's custody.  Furthermore, in their

7  motion to dismiss, defendants state that defendant Rasmussen filed a petition to regain custody at

8  some point in the Spring of 2012.  Dkt. 14 at 1.  Plaintiff's allegations arise from two letters she

9  received, one from defendant Archuleta and the other from defendant McKinley.  These letters

10 relate to Tiger Lily's relationship with her mother and the culture of the Mooretown Rancheria

11 Tribe.

12        Plaintiff alleges that these letters unduly pressured her to comply with their

13 recommendations regarding what she "should be doing or not doing with regards to [Tiger Lily]."

14 Plaintiff contends that neither Archuleta nor McKinley had authority to pressure her to comply

15 with their wishes or recommendations.  She also contends that defendants describe her as

16 "'white' and of no cultural significance."  Plaintiff asserts that Mooretown Rancheria has no

17 formal treaty with the United States and that their sovereignty, and thus sovereign immunity, is in

18 question.  She seeks an injunction preventing defendants from pursuing her or Tiger Lily "by any

19 means" as well as $43,000,000 in damages to prevent similar actions from occurring in

20 defendants' "future dealings with 'white' family members of their own tribal members."[4]

21 _____

22    [3]  Defendant Enterprise Rancheria declined to sign and return waiver of service, see
   Dock. No. 19, and is a non-moving party - not joining in the motion to dismiss brought by the
23 remaining defendants.

24    [4]  Both parties assert that the letters at issue were attached to plaintiff's complaint.
   However, the letters are not in CM/ECF's electronic filing of the complaint (Dkt. 1).  The clerks
25 office found the original filing, but it did not have the letters attached either.  Defendants quote
   portions of the letter in their motion (Dkt. 14 at 10). Plaintiff does not quote the letters directly
26 and does not assert that defendants misquoted them.  However, the unavailability of the letters is
   inconsequential as they are not essential to the analysis.

DISCUSSION

Defendants raise numerous grounds for dismissal of plaintiff's complaint in their motion to dismiss.  ECF No. 14.  Primarily, defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that this court lacks jurisdiction over the subject matter of this suit. Specifically, defendants argue that subject matter jurisdiction is lacking over plaintiff's claims because Mooretown Rancheria is a federally recognized Indian Tribe that is immune from suit pursuant to tribal sovereign immunity.  Defendants assert that this immunity extends to its business entities and tribal officials acting within the scope of their duties.

Alternatively, defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiff failed to state a claim against any of the moving defendants. Defendants also assert that plaintiff's claims, which seemingly allege a violation of the equal protection clause, fail because defendants are either Indian tribes, tribal officials, or private citizens that are not subject to the 5th and 14th Amendments.

The undersigned, however, only addresses the question of whether it has jurisdiction over the present action.

I. LEGAL STANDARDS

A.  Rule 12(b)(1) - Subject Matter Jurisdiction

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377 (1994).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court, sua sponte.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

"The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists."  13 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3522 at 62 (1984). Plaintiff bears the burden of proof for establishing jurisdiction.  See, e.g., Sopcak v. Northern

1 | Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel.

2 | & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979).  Unless a complaint presents a plausible

3 | assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

4 | Hood, 327 U.S. 678, 682 (1945).  A federal claim which is so insubstantial as to be patently

5 | without merit cannot serve as the basis for federal jurisdiction.  See Hagans v. Lavine, 415 U.S.

6 | 528, 536-38 (1974); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir.1999) ("a district court may, at

7 | any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule

8 | 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally

9 | implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to

10 | discussion.")

11 |  A less stringent examination is afforded pro se pleadings, see Haines v. Kerner,

12 | 404 U.S. 519, 520 (1972), but simple reference to federal law does not create subject matter

13 | jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir. 1995).  Subject matter

14 | jurisdiction is created only by pleading a cause of action that is within the court's original

15 | jurisdiction.  Id.

16 |  In a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject

17 | matter jurisdiction, plaintiff still bears the burden of proof that jurisdiction exists.  See Sopcak,

18 | 52 F.3d at 818; Thornhill Publ'g Co., 594 F.2d at 733.  Different standards apply to a 12(b)(1)

19 | motion, depending on the manner in which it is made.  See Crisp v. U.S., 966 F. Supp. 970, 971-

20 | 72 (E.D. Cal. 1997).  "A motion to dismiss for lack of subject matter jurisdiction may either

21 | attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

22 | existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co., 594 F.2d at 733.  In this

23 | case, defendants' motion makes a "factual attack" on subject matter jurisdiction.  This is often

24 | referred to as a "speaking motion."  Id.

25 |  In a factual attack on subject matter jurisdiction, a defendant challenges the truth

26 | of the jurisdictional facts underlying the complaint.  That being so, the court does not presume

1    the factual allegations of the complaint to be true. <u>Id.</u> "Faced with a factual attack on subject

2    matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No

3    presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material

4    facts will not preclude the trial court from evaluating for itself the merits of jurisdictional

5    claims." <u>Id.</u> (quotations and citation omitted). The court may hear evidence such as declarations

6    or testimony to resolve factual disputes. <u>Id.</u>; <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th

7    Cir. 1988).[5]

8    II.   <u>ANALYSIS</u>

9       A.   <u>Subject Matter Jurisdiction - Sovereign Immunity</u>

10         Defendants argue that they – an Indian Tribe, a tribal economic development

11    entity, and tribal officers – are immune from this lawsuit.[6] "Indian tribes are 'domestic

12    dependent nations' that exercise inherent sovereign authority over their members and territories."

13    <u>Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Oklahoma</u>, 498 U.S. 505,

14    509, 111 S. Ct. 905, 112 L.Ed.2d 1112 (1991); <u>see also</u> <u>Santa Clara Pueblo v. Martinez</u>, 436 U.S.

15    49, 56, 98 S. Ct. 1670, 56 L.Ed.2d 106 (1978) ("As separate sovereigns pre-existing the

16    Constitution, tribes have historically been regarded as unconstrained by those constitutional

17    provisions framed specifically as limitations on federal or state authority."). "Sovereign

18    immunity limits a federal court's subject matter jurisdiction over actions brought against a

19    sovereign. Similarly, tribal immunity precludes subject matter jurisdiction in an action against an

20    Indian tribe." <u>Alvarado v. Table Mountain Rancheria</u>, 509 F.3d 1008, 1015-16 (9th Cir. 2007).

21    /////

22

23       [5] If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot
determine the jurisdictional issue until such facts are appropriately resolved. <u>See</u> <u>Roberts v.</u>

24    <u>Corrothers</u>, 812 F.2d 1173, 1177-78 (9th Cir.1987); <u>see also</u> <u>Trentacosta v. Frontier Pac. Aircraft</u>
<u>Indus.</u>, 813 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion

25    determines facts where jurisdictional issue and merits are intertwined).

26       [6] Defendants do not argue that sovereign immunity applies to defendant Rasmussen.

"Tribal sovereign immunity protects Indian tribes from suit absent express authorization by Congress or clear waiver by the tribe." Cook v. AVI Casino Enterprises, Inc., 548 F.3d 718, 725 (9th Cir.2008); see also Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751, 754, 118 S. Ct. 1700, 140 L.Ed.2d 981 (1998) ("As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity."); Nanomantube v. Kickapoo Tribe in Kansas, 631 F.3d 1150, 1152 (10th Cir.2011) ("As a dependent sovereign entity, an Indian tribe is not subject to suit in federal or state court unless the tribe's sovereign immunity has been either abrogated by Congress or waived by the tribe."). "There is a strong presumption against waiver of tribal sovereign immunity." Demontiney v. U.S. ex rel. Dept. of Interior, Bureau of Indian Affairs, 255 F.3d 801, 811 (9th Cir.2001). "Any waiver must be unequivocal and may not be implied." Kescoli v. Babbitt, 101 F.3d 1304, 1310 (9th Cir.1996); see also Santa Clara Pueblo, 436 U.S. at 58 ("It is settled that a waiver of sovereign immunity cannot be implied but must be unequivocally expressed."). Similarly, congressional abrogation of sovereign immunity may not be implied and must be "unequivocally expressed" in "explicit legislation." Krystal Energy Co. v. Navajo Nation, 357 F.3d 1055, 1056 (9th Cir. 2004). "The plaintiff bears the burden of showing a waiver of tribal sovereign immunity." Ingrassia v. Chicken Ranch Bingo and Casino, 676 F.Supp.2d 953, 956-57 (E.D. Cal. 2009).

Plaintiff argues that the defendant tribes have no formal treaty with the United States are therefore not immune from this action. However, plaintiff's argument is misplaced and not relevant to the proper analysis. Defendant Mooretown Rancheria is included on the Federal Register's list of recognized Indian Tribes.[7] See 77 Fed. Reg 47868-01. The Secretary of the Interior publishes "in the Federal Register a list of all Indian tribes which the Secretary recognizes to be eligible for the special programs and services provided by the United States to

---

[7] This court takes judicial notice of non-moving defendant Enterprise Rancheria's inclusion on the Federal Register's list of recognized Indian Tribes.

Indians because of their status as Indians." 25 U.S.C. § 479a-1. "Inclusion of a tribe on the Federal Register list of recognized tribes is generally sufficient to establish entitlement to sovereign immunity." <u>Larimer v. Konocti Vista Casino Resort, Marina, & RV Park</u>, 814 F.Supp.2d 952, 955 (N.D. Cal. 2011) citing <u>Ingrassia</u>, 676 F.Supp.2d at 957. Moreover, as observed previously, it is of no import that plaintiff alleges violations of the Constitution: "[a]s separate sovereigns pre-existing the Constitution, tribes have historically been regarded as unconstrained by those constitutional provisions framed specifically as limitations on federal or state authority." <u>Santa Clara Pueblo v. Martinez</u>, 436 U.S. at 56. The Fourteenth Amendment proscribes discriminatory actions only by state entities/officials, and to the extent applicable, the Fifth Amendment against actions by federal entities/officials. Thus, plaintiff's allegation of an equal protection violation against the tribal entity(s) is unavailing.

In their motion to dismiss, defendants assert that they have not, in any way, waived their tribal immunity. In her complaint and opposition to defendants' motion, plaintiff neither argues that Congress has abrogated the tribal defendants sovereign immunity nor that the defendant Mooretown Rancheria has expressly waived immunity. Therefore, plaintiff has failed to carry her burden of showing a waiver of tribal sovereign immunity and Mooretown Rancheria's sovereign immunity remains intact.[8]

Sovereign immunity "extends to business activities of the tribe, not merely to governmental activities." <u>Allen v. Gold Country Casino</u>, 464 F.3d 1044, 1046 (9th Cir. 2006) citing <u>Kiowa Tribe v. Mfg. Techs., Inc.</u>, 523 U.S. 751, 760, 118 S. Ct. 1700, 140 L.Ed.2d 981 (1998). "When the tribe establishes an entity to conduct certain activities, the entity is immune if it functions as an arm of the tribe." <u>Allen</u>, 464 F.3d at 1046. According to defendants, Feather Falls Casino is a tribal economic development project, wholly owned and operated by the Tribe on its federal Indian lands. In no way does plaintiff contend that Feather Falls Casino is not a

---

[8] Similarly, plaintiff has failed to establish that defendant Enterprise Rancheria has waived its immunity.

1  tribal entity.  Therefore, Mooretown Rancheria's sovereign immunity extends to defendant

2  Feather Falls Casino.

3       Tribal sovereign immunity also "extends to tribal officials when acting in their

4  official capacity and within the scope of their authority."  <u>Cook v. AVI Casino Enterprises, Inc.</u>,

5  548 F.3d 718, 727 (9th Cir.2008).  Defendants argue that defendants Archuleta and McKinley are

6  sued for actions taken in the course and scope of their jobs as tribal officers.  Plaintiff does not

7  argue otherwise.  Defendants Archuleta, Mooretown Rancheria's Tribal Chairman, and

8  McKinley, Mooretown Rancheria's Director of Indian Children Welfare, wrote their letters

9  concerning defendant Rasmussen's relationship with her daughter, Tiger Lily.  It is undisputed

10  that defendant Rasmussen is a member of the Mooretown Rancheria Tribe.

11       Defendant Archuleta's letter acknowledged that it was within plaintiff's discretion

12  and judgment to work with defendant Rasmussen in allowing her to have a relationship with her

13  daughter, but he recommended that she allow visitation.  Defendants argue that this action is

14  within the broad scope of his official duties.  In her opposition, plaintiff fails to allege that

15  defendant Archuleta wrote this letter outside of his duties as Tribal Chairman.  Therefore,

16  Mooretown Rancheria's sovereign immunity extends to defendant Archuleta.

17       Defendant McKinley's letter discussed how Tiger Lily is eligible for ICWA

18  services and that she should have a relationship with her mother.  Defendants argue that this

19  action is within the scope of her official duties.  Again, plaintiff does not assert defendant

20  McKinley wrote this letter outside of her official capacity as the Tribe's Director of Indian

21  Children Welfare.  In fact, in her opposition, plaintiff states that defendant McKinley continues

22  "to harass and pursue" plaintiff and Tiger Lily "under the aspice (sic) of a ICWA worker."

23  Therefore, Mooretown Rancheria's sovereign immunity extends to defendant McKinley as well.

24       Plaintiff has failed to carry her burden of proving that jurisdiction exists.

25  Defendants have established that sovereign immunity extends to Mooretown Rancheria, Feather

26  Falls Casino, Gary Archuleta, and Francine McKinley.  As such, all claims against these

1  defendants, as well as Enterprise Rancheria, must be dismissed for lack of subject matter

2  jurisdiction.[9]

3       B.  <u>Subject Matter Jurisdiction - Insubstantial and Frivolous Claims</u>

4       On their face, plaintiffs' allegations as applied to defendant Rasmussen, are so

5  wholly insubstantial and frivolous that they cannot invoke this court's subject matter jurisdiction.

6  <u>See</u> <u>O'Brien v. U.S. Department of Justice</u>, 927 F. Supp. 382, 385 (D. Ariz. 1995); <u>Best v. Kelly</u>,

7  39 F.3d 328, 330-31 (D.C. Cir. 1994) (dismissal for lack of jurisdiction under Fed. R. Civ. P.

8  12(b)(1) warranted when claims are "so attenuated and unsubstantial as to be absolutely devoid

9  of merit"); <u>see also</u> <u>Cook v. Peter Kiewit Sons Co.</u>, 775 F.2d 1030, 1035 (9th Cir. 1985) (holding

10  that under the substantiality doctrine, the district court lacks subject matter jurisdiction when the

11  claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise

12  completely devoid of merit as not to involve a federal controversy").  A claim is legally frivolous

13  when it lacks an arguable basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325

14  (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore,

15  dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

16  the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.

17       A complaint must contain more than a "formulaic recitation of the elements of a

18  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19

20      [9]  "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."  <u>Silverton v. Dep't of Treasury</u>, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief."  <u>Omar v. Sea-Land Serv., Inc.</u>, 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. <u>Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery</u>, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); <u>see</u> <u>also</u> <u>Bach v. Mason</u>, 190 F.R.D. 567, 571 (D. Idaho 1999); <u>Ricotta v. California</u>, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998). Thus, although Enterprise Rancheria declined to sign and return waiver of service and is a non-moving party and, it should nevertheless be dismissed from the action in the interest of judicial economy.

1  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

2  A complaint must also "contain sufficient factual matter, accepted as true, to 'state a claim to

3  relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S.___, 129 S. Ct. 1937, 1949 (2009)

4  (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).  "A claim has facial plausibility when the

5  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

6  defendant is liable for the misconduct alleged." Id.  The critical inquiry is whether a

7  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See

8  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

9          Here, plaintiff merely alleges that the two letters she received, from Archuleta and

10  McKinley, violated her civil rights by discriminating against her based on her race.  These letters

11  provide no basis for claims against defendant Rasmussen.  Furthermore, plaintiff makes no

12  allegations that defendant Rasmussen took part in writing these letters or violated her civil rights

13  in any way.  Even though plaintiff's complaint makes reference to federal law, her allegations fail

14  to state in a comprehensible manner how any federal rights were violated by defendant

15  Rasmussen.  Furthermore, plaintiff's complaint contains no factual matter that could lead this

16  court to find that defendant Rasmussen is liable for any of the misconduct alleged.  As such, all

17  claims against defendant Rasmussen must be dismissed for lack of subject matter jurisdiction.

18          C.  Leave to Amend

19           Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

20  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

21  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

22  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

23  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

24  The court is unable to determine a jurisdictional basis for this action as presently written.

25  Defendants Mooretown Rancheria, Feather Falls Casino, Gary Archuleta, and Francine

26  McKinley are immune from this suit due to Mooretown Rancheria's sovereign immunity, or

1    extension thereof.  Also, any allegation made by plaintiff against defendant Rasmussen is wholly

2    insubstantial and frivolous.

3               However, in the recent case of <u>Maxwell v. County of San Diego</u>, 697 F.3d 941,

4    954-955 (9th Cir. 2012), the Ninth Circuit refused to extend <u>Cook v. AVI Casino</u> to actions

5    against tribal officials in their individual capacity.  It is possible, although doubtful when viewing

6    the present allegations, that plaintiff could amend the complaint to state individual actions.

7               Because the court lacks jurisdiction over the action as presently pled, the

8    undersigned will not at this time reach any alternative arguments on the merits as if it had

9    jurisdiction.

10              Accordingly, IT IS HEREBY ORDERED that defendants' motion to dismiss

11   (ECF No. 14) is GRANTED with leave to amend.  Plaintiff shall amend the complaint, if at all,

12   within 28 days of the filed date of this order.  A failure to amend the complaint to state viable

13   actions against tribal officials in their individual capacity shall lead to a recommendation that the

14   entire action be dismissed with prejudice.

15   Dated: June 10, 2013

16

17                        /s/ Gregory G. Hollows
                   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22
     GGH: 33
23
     hall1856.mtd.ord.wpd
24

25

26