Jeanne M Hall - Pro Se
P.O. Box 212
Challenge, California 95925
(530) 675-9126

FILED
JUN 28 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

In The United States District Court, Eastern District of California

## Amended Complaint

Jeanne M Hall - Pro Se
Plaintiff

Case: 2:12-CV01856 LKK GGH PS

V.

Defendants

- Mooretown Rancheria
- Debra Rasmussen
- Gary Archuleta
- Francine McKinley
- Enterprise Tribe(s)

Jeanne M Hall - Pro Se
　　　　　　　Plantiff

June 27, 2013

P.O. Box 212
Challenge, California 95925
530-675-9126

Case: 212-CV01856 LKK GGH PS

The "Amended Complaint"

　　Violation of the XIV (1868) Amendment Section 1. Equal Protection Clause, Article 1 Based on the Basis of Race...

To the Honorable Judge Hollows:

I was born and raised in the United States, subject to the jurisdiction thereof. No State shall make a law which shall abridge the priviledges or immunity of Citizens of the United States nor shall a State deprive any person of life, liberty, or property, without due process of law; (ICWA amd; 282) nor deny to any person within it's jurisdiction the equal protection of the laws.

I believe my civil rights as an American born & raised in these United States has been abridged, violated my equal standing under the law.

Specifically, and without jurisdiction to do so:

Mooretown Rancheria
Debra Rasmussen
Gary Archuleta
Francine McKinley
Enterprise Tribe(s)

The bullying and enfringments on my civil rights occurred during a case #(JV180), involving my special need grandchild, T.L.R 2005. A closed case repeatley forced open under the premise of Indian Child Welfare Act, am 282. My grandaughter has never been in the custody of her mother, was not born on a "reservation" or ever lived on one. She is seven years old soon to be eight. I am also am registered with Office of Hawaiian Affairs, No. 11-207 which I believe entitles me

2.

to fall under the Native American Laws & protections. The Mooketown Rancheria, & Debra Rasmussen, and Francine McKinley in particular knew of this, and proceeded against my guardianship and undermined my best efforts to stop their "medling" in my & my grandaugthers lives. Continually being threatened by their priviledged status under (ICWA) am. 282. Using the (ICWA) must meet certain criteria, which even B.I.A. has related to them. elf they have a Tribal Court, they could assume jurisdiction, they do not. To use other Courts is a misuse the General populations rights, as well as most certainly mine, not to mention tax dollars in the form of "repairations?". el will further claim to have been harassed in the halls of the anterooms, and in my everyday life. elt takes no stretch of the imagination how el have been hurt, certainly my feeling of safety, by such a powerful group of peoples, with huge resources to affect my life negatively.







## United States Department of the Interior

BUREAU OF INDIAN AFFAIRS
Western Nevada Agency
311 East Washington Street
Carson City, Nevada 89701-4065



IN REPLY REFER TO:
Branch of Tribal Operations

May 31, 2011

Debie Rasmussen
88 Concow Maidu Drive
Oroville, CA 95966

Dear Ms. Rasmussen:

This is to acknowledge receipt of your letter dated May 18, 2011 to Fred Drye, Tribal Operations Officer regarding questions related to the Winnemucca Indian Colony, a Tribe served by this Agency.

You indicated that Mr. Thomas Wasson appeared in the Butte County Superior Court as the Chairman for the Winnemucca Indian Colony and requested a juvenile case involving your child be moved to the jurisdiction of the Winnemucca Federal Tribal Court. The father of the child is not enrolled with any Tribe, but, may be eligible for enrollment with the Winnemucca Indian Colony. You questioned the authority of Mr. Wasson as the Tribal Chairman and whether or not there is a Federal Tribal Curt for the Winnemucca Indian Colony.

The Winnemucca Indian Colony is a federally recognized Indian Tribe located in Winnemucca, Nevada. Pending an Interior Board of Indian Appeals (IBIA) decision, regarding the tribal governing body and membership, no governing body is recognized by the Bureau of Indian Affairs (BIA). Once a decision is made, the Tribe will be able to determine membership and elect a Tribal Council that will conduct business in accordance with tribal and federal laws. In the meantime, a 25 CFR Court of Indian Offenses is operated by the BIA for the Winnemucca Indian Colony. The 26 CFR court adjudicates cases pursuant to 25 CFR Part 11.

Any transfers of jurisdiction under the Indian Child Welfare Act (ICWA) must meet the requirements of the Act, the courts of jurisdiction. The Mooretown Rancheria, where you are enrolled, may assume jurisdiction if a Tribal Court exists.

We look forward to working with the tribe on this Secretarial Election and if we can be of further assistance, contact Fred Drye, Trial Operations Officer.

Sincerely,

*[signature]*

Superintendent

My guardianship was threatened and undermined by racial concerns.

By way of Debra Rasmussens assertions of cultural benefit, trying to force open my guardianship and make moves to implement ICWA law on myself and TLR 2005, Neether of us being a tribal member of that tribe (Mooretown Rancheria). She was at the time recieving visitation w/ TLR 2005, on my watchful eye. I will elaborate further here, on her mother, and why I would be hesatent: she has never had pre-natal care given to this child, Born addicted to herion, meth, alcahol, tabacco. She has never paid for any of these crimes, all four of her children where born into these circumstances, except for I born late in pregnacy in jail & prison. I attach a letter from BIA written to Debra Rasmussen? She is my biologocial daughter I did not raise her.

I hold Debra Rasmussen responsible for creatings an envoirment of racial

hatred and prejudice to cover her crimes, 4 against her own children and her own family.

I hold Gary Archuleta as the Chairman of Mooretown Rancheria responsible for his part in pushing a "sovern immunity" agenda against myself when I would not do what he wanted. He had no right or jurisdiction over myself or TLR 3005. The subtelty of being harassed by such powerful entities, one does not need a great imagination. I enclose his proposals to me. He could have at anytime asked Francine McKinley to stop, but did not.



# Mooretown Rancheria
#1 Alverda Drive
Oroville, CA 95966
(530) 533-3625 Office
(530) 533-3680 Fax

November 9, 2010

**RE: Debra Rasmussen**

To Whom It May Concern:

This letter is to support Debra Rasmussen and her request to have a relationship with her daughter Tiger Lily Rasmussen.

Mooretown Rancheria traditionally does not approve of adoption of tribal children, instead the tribe opts for guardianships, because it is the tribe's belief that one day the parent(s) may be able to care for the child(ren) again. This is one case that this belief is made evident.

It is also the tribe's request when recommending guardianships that the child is allowed to have contact with the tribe, tribal family, and community as set out in 25 U.S.C. § 1915 (d), to maintain familial, social and cultural ties. The best interest of Tiger Lily Rasmussen would be best served by reestablishing her relationship to her mother and to the tribal community.

Sincerely,

Gary Archuleta
Tribal Chairman

*"Concow - Maidu"*



**Mooretown Rancheria**
#1 Alverda Drive
Oroville, CA 95966
(530) 533-3625 Office
(530) 533-3680 Fax

July 22, 2009

Jeanne Sheldon Hall
P.O. Box 212
Challenge, CA 95925

**RE: Tiger Lily Rasmussen**

Dear Jeanne:

This letter is to let you know that Butte County's Juvenile Court Dependency and Jurisdiction was dismissed on January 18, 2007. Children's Services no longer has an open case regarding this child. The guardianship that you have for Tiger Lily Rasmussen was approved and continues to be recognized.

As you know this child's mother is anxious to have visits with her child, and from observation of Debie these past months she has improved her circumstances tremendously. It is highly recommended that a written visitation schedule be made between you and Debie.

It is at your discretion and judgment to work with Debie in keeping the relationship open. Understandably there is reason to proceed with caution from looking back, but it is also refreshing to know that Debie has made great strides in her recovery and life skills that are quite evident.

If you have any questions please do not hesitate to call our office at 533-3625.

Sincerely,

Gary Archuleta
Tribal Chairman

cc: ICWA Office
    Debie Rasmussen

*"Concow - Maidu"*

& hold Francine McKinley responsible for causing us to most aggrievious harm. Without regard to myself or TLR(2005) who is the care of a mental health profession suffering from depression at being continually removed & placed with visitation of the mother that made her special needs. To say nothing of the harm my family has "enjoyed" under this racial climate Francine McKinley has created. Under her watchful gaze, & Gary Archuleta saw 4 of my grandchild not receive prenatal care. Myself nor TLR(2005) are Tribal members and we are not under their jurisdiction.

1  NANCY A. SOUTHWORTH
   Attorney at Law, SBN 181753
2  5377 Lincoln Rd.
   Yuba City, CA 95991
3  Telephone: (530) 300-7311
   Fax:       (530) 870-8710
4

5  Attorney for the Guardian, Jeanne Sheldon-Hall

FILED
Date: MAR 2 7 2013
Kimberly Flener, Clerk
By _____, Deputy
Superior Court of California, County of Butte

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF BUTTE

In the Matter of Minor Child, ) Case No. J-32214
                              )
Tiger Lily Rasmussen          ) STIPULATION AND ORDER
                              ) THEREON
DOB: 9/10/05                  )

Pursuant to a stipulation of the parties, it is hereby agreed as follows:

1. **Visitation:** Debra Rasmussen will have visitation with the minor child, Tiger Lily Rasmussen on the 2nd weekend of each month on Saturdays only from 8 a.m. to 5 p.m.; and 4th weekend of each month, Saturday 8 a.m. to 5 p.m., and Sunday 8 a.m. to 3 p.m. Mother shall provide all driving for the visitations and exchanges of the child shall be at the curb.

2. **Counseling:** The child shall remain in counseling with Jani Beckwith, at Ms. Rasmussen's sole expense. In addition, Ms. Hall and Ms. Rasmussen shall meet for conjoint counseling with Ms. Beckwith at least twice prior to the next hearing in

this matter. Ms. Beckwith shall provide a report to the court and Gary Catsoulis, Butte County Social Worker, no later than seven calendar days prior to the next hearing as to the following issues:

a. The number of appointments attended, and who attended each.

b. The results of the conjoint counseling sessions.

c. Specifically address whether to increase length and number of visits per month between Debra Rasmussen and the minor child, Tiger Lily and/or to begin overnight visits or not. If more and/or longer visits are indicated, then the therapist shall propose an approximate time table for such increased visitation. If overnight visits are indicated at this time, the therapist shall propose an approximate time table for when the therapist believes that overnight visits would be appropriate for the child.

3. Return to Court: This matter is placed back on calendar for ~~further review on~~ Contested hearing on visitation ~~February 19, 2012 at 10:00 a.m., and may be trailed to 1:30 p.m.~~ on May 1, 2013 at 8:30 a.m. for a half day hearing. CL 3-27-13

4. Termination of Guardianship: ~~The guardianship is not terminated at this time and the matter is set for review hearing on February 19, 2012 at 10:00 a.m., and may be trailed to 1:30 p.m.~~ Petition under WI 388 is withdrawn by Ms Rasmussen without prejudice. CL 3-27-13

5. Enforceability: This Stipulation and Agreement, when signed by counsel, will be enforceable against all parties, effective 4-1-13. CL

IT IS SO STIPULATED:

///
///
///
///

2

1  Dated: 12/10/12

NANCY A. SOUTHWORTH, ESQ.
ATTORNEY FOR GUARDIAN

5  Dated: 12/10/12

JEFF R. KEOHANE, ESQ.
FORMAN & ASSOCIATES
ATTORNEY FOR DEBORAH RASMUSSEN

Approved as to form:

11 Dated: 3/27/13 (?)

DAVID W. KENNEDY, ESQ.
ATTORNEY FOR CHILDREN'S SERVICES

15 Dated: 12/10/12

FRANCINE McKINLEY
ICW DIRECTOR
MOORETOWN RANCHERIA

**ORDER**

Having read the foregoing stipulation and good cause appearing therefore,

**IT IS SO ORDERED.**

25 Dated: 3/27/13

Clare Keithley
HON. ~~TAMARA MOSBARGER~~ Clare Keithle
JUDGE OF THE SUPERIOR COURT

3



*Mooretown Rancheria*
*#1 Alverda Drive*
*Oroville, CA 95966*
*(530) 533-3625 Office*
*(530) 533-3680 Fax*

March 29, 2011

Family Court Judge
Superior Court of California
County of Yuba, State of California
215 5th Street, Department 2
Marysville, CA 95991

**RE: YCSCCVSA 11-0000011 - Citation**

Honorable Superior Court Judge:

The above matter concerns Tiger Lily Rasmussen, a Native American child and eligible for enrollment into Mooretown Rancheria. The biological mother is Debra Rasmussen an enrolled tribal member of Mooretown Rancheria, ID# 626-2236.

On March 29, 2011, the Superior Court in the County of Butte reopened this case in the juvenile department under case number J-32214. Prior to this date proceedings in this matter have been on-going in Butte County and the court formally reopened the case on this date.

The Mooretown Rancheria Tribe of Maidu Indians of California were not notified of the matter to terminate parental rights in Yuba County as required by 25 USC § 1912(d); Family Code §180; and Cal. Rules of Court, rule 5.481(b).

The tribe also has the option to intervene or file to have this matter invalidated based on 25 USC §§ 1911(c), 1914; Family Code §§ 175(e), and Cal. Rules of Court, rule 5.482(e).

The tribe is hopeful that this matter can be resolved in Butte County.

Sincerely,

Francine McKinley
ICWA / Social Services Director
Mooretown Rancheria
1 Alverda Drive
Oroville, CA 95966

cc: David Kennedy, County Counsel, Butte County Children's Services
    Debra Rasmussen, 88 Concow Maidu Drive, Oroville, CA 95966
    Jeane Sheldon-Hall, P.O. Box 212, 18096 Joy Circle, Challenge, CA 95925

*"Concow - Maidu"*

I hold Mooretown Rancheria, as its voting members should be aware of the full damage to my life and TLR (2005). Harmful and racist. This is tribe specific.

I hold Enterprise Tribe(s) responsible in this case because the were sent private particulars of mine & TLR (2005) legal & person information. For what reason they were on "proof of service", they have never revealed to me, never once did they wonder why until I filed in this court. I enclose "proof of service" document.

## PROOF OF SERVICE BY U.S. MAIL

I, Ann Allen, declare as follows:

I am a citizen of the United States of America, over the age of 18 years, and not a party to the above-entitled action. I am employed in the County of Marin, California. My business address is 4340 Redwood Highway, Suite E352, San Rafael, CA 94903.

On March 23, 2012, I served on the parties listed below true and correct copies of the following documents:

### JV-180 REQUEST TO CHANGE COURT ORDER

by placing true and correct copies thereof in a sealed envelope, first-class postage thereon fully prepaid, and depositing same for collection by the United States Postal Service at San Rafael, California, addressed as follows:

**David Kennedy**
Butte County
Office of County Counsel
25 County Center Drive
Oroville, CA 95965

**Roy and Jeanne Hall**
P.O. Box 212
Challenge, CA 95925

**Jesse Michael Wasson**
Yuba County Jail
P.O. Box 1031
Marysville, CA 95901

**Mooretown Rancheria**
#1 Alverda Drive
Oroville, CA 95966
Attn: Francine McKinley

**Enterprise Rancheria**
2133 Monte Vista Ave.
Oroville, CA 95966

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed on March 23, 2012 at San Rafael, California.

Ann Allen

PROOF OF SERVICE

Case No. J-32214

And lastly these things that have happened were the real reason I filed. I was followed, "flash mobed" at grocery stores or any place I might be. I may be "pro se" but I do not have the abilities that extend to, or of restraining such large groups of individuals. Why else would someone like myself file this suit if not to stop them some how. "The large power & sphere of influence"

My amended claim is for 4.3 million dollars. I ask the court to look more closely at what constitutes (ICWA), if not now maybe some day we will all be equal and as one - but I don't see the day for my family & the casino peoples of California.

Sincerely, Jeanne M Hall Pro Se
Plantiff June 27, 2013

1. Plaintiff Jeanne M Hall - Pro Se
   P.O. Box 212
   Challenge, Ca. 95925
   > US
2. Defendents -
3. Mooretown Rancheria / Feather Falls Casino
4. 1 Alverda Drive
5. Oroville, Ca. 95966
6. 
7. Gary Archuleta
8. 1 Alverda Drive
9. Oroville, Ca. 95966
10. Francine McKinley
11. 1 Alverda Drive
12. Oroville, Ca. 95966
13. 
14. Debra Rasmussen
15. 30 Concow Maidu Drive
16. Oroville, Ca. 95966
17. Enterprise Tribe
18. 2133 Monte Vista Avenue
19. Oroville, Ca. 95966
20.
21.
22.
23.