UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE M. HALL,<br><br>  Plaintiff,<br><br>  v.<br><br>MOORETOWN RANCHERIA/<br>FEATHER FALLS CASINO, et. al.,<br><br>  Defendants. | No. 2:12-cv-01856 LKK GGH PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding in this action pro se and in forma pauperis, filed her original complaint on July 13, 2012. ECF No. 1. Defendant's filed a motion to dismiss on February 4, 2013, ECF No. 14, which was granted with leave to amend on June 10, 2013. ECF No. 20. Plaintiff filed a timely first amended complaint on June 28, 2013. ECF No. 21. Presently before the court is defendants' motion to dismiss the first amended complaint, filed on July 16, 2013.[1] ECF No 23. Plaintiff filed an opposition to defendants' motion to dismiss on August 29, 2013, which this Court shall liberally construe as timely.[2] ECF No. 28.

---

[1] Defendants' motion was submitted on the record without a hearing by order of August 19, 2013. ECF No. 26.

[2] Plaintiff stated that her late opposition to defendants' motion to dismiss was due to her waiting for "confirmation that [her] first amended complaint had been accepted." ECF No 28 at 2. Although the courts construe the pleadings of pro se litigants liberally, those litigants are required

1

BACKGROUND

Plaintiff's first amended complaint makes many of the same allegations against defendants Mooretown Rancheria, Debra Rasmussen, Gary Archuleta, Francine McKinley, and Enterprise Tribe as were made in her original complaint.[3] ECF Nos. 1, 21. Plaintiff again makes clear that her issues arise from a dispute over the custody of her granddaughter, Tiger Lily Rasmussen, who is also defendant Rasmussen's daughter. ECF No. 21 at 3-8. Plaintiff states that "[t]he bullying and infringements on [her] civil rights occurred during a case #(JV180), involving my special need grandchild." Id. at 3. However, plaintiff acknowledges in her opposition that "this is not a custody case – but a civil case." ECF No. 28 at 4.

Plaintiff alleges that defendants "proceeded against [her] guardianship [of Tiger Lily] and undermined [her] best efforts to stop their 'medling' (sic) in [her and her] granddaughters (sic) lives." ECF No. 21 at 4. She claims that she was continually threatened and harassed by defendants due to racial concerns. Id. at 4, 7. Plaintiff also asserts that she was "followed, 'flash mobed,' (sic) at grocery stores or any place [she] might be." Id. at 19.

Specifically, plaintiff alleges that defendant Rasmussen is "responsible for creating an environment of racial hatred and prejudice to cover her crimes, against her own children and her own family." Id. at 7-8. She asserts that defendant Rasmussen "never had prenatal care given to [Tiger Lily]" and that Tiger Lily was "born addicted to herion (sic), meth, alcohol, [and] tobacco." Id. at 7. Plaintiff alleges that defendant Archuleta is responsible for pushing a sovereign immunity agenda against her when she would not do what Archuleta wanted. Id. at 9. She argues that defendant McKinley is responsible for causing the most harm under a racial climate that McKinley has created and that "[u]nder her watchful gaze . . . 4 of [her] grandchild

---

to adhere to the rules of the court. Generally, failure to obey local rules may result in dismissal of the action. E.D. Cal. L.R. 183(a). However, due to plaintiff's timely response to defendants' notice of non-opposition, ECF No. 27, such a penalty in this instance would be too severe.

[3] Although defendants' motion to dismiss makes arguments pertaining to the dismissal of defendant Feather Falls Casino, plaintiff did not make any claims or assertions relating to Feather Falls in her first amended complaint and acknowledges that her "amended complaint no longer names Feather Falls" in her opposition to defendants' motion. ECF Nos. 21 at 1; 28 at 4.

1   not receive prenatal care." Id. at 12.  Plaintiff asserts that defendant Mooretown Rancheria's

2   voting members were aware of the full damage caused to plaintiff and Tiger Lily, which was

3   harmful and racist.  Id. at 17.  Plaintiff also contends that defendant Enterprise Tribe is

4   responsible in this case because they were sent private particulars of [plaintiff's] and [Tiger

5   Lily's] legal and person (sic) information."  Id.

6       Plaintiff asks this Court to evaluate the Indian Child Welfare Act and seeks $4,300,000 in

7   unspecified damages.  Id. at 19.

8   DISCUSSION

9       Defendants raise numerous grounds for dismissal of plaintiff's amended complaint.  ECF

10  No. 23-1.  However, this Court has previously held that it would not reach any alternative

11  arguments on the merits due to its finding that the original complaint contained no jurisdictional

12  basis for this action.  ECF No. 20 at 10-11.  As it pertains to defendant Rasmussen, this Court

13  found that any allegation made by plaintiff against her was wholly insubstantial and frivolous.  Id.

14  at 11.  Plaintiff's amended complaint provides no basis for a claim against defendant Rasmussen

15  and does nothing to cure the insubstantiality of the claims made in her original complaint.

16      As for defendants Enterprise Rancheria, Mooretown Rancheria, Archuleta, and McKinley,

17  this Court previously found that they are immune from this action due to Enterprise and

18  Mooretown's sovereign immunity, or extension thereof.  ECF No. 20 at 8-10.  As stated in that

19  order, defendants established that sovereign immunity incontrovertibly extends to defendants

20  Mooretown and Enterprise.  Id. at 8.  However, based on Maxwell v. County of San Diego, 697

21  F.3d 941, 954-955 (9th Cir. 2012), this Court noted that it was possible, although doubtful based

22  on the allegations in the original complaint, for plaintiff to amend her complaint to state claims

23  against the individual defendants.  ECF No. 20 at 11.

24      In Maxwell, the Ninth Circuit found that a suit brought against individual officers in their

25  individual capacities does not implicate sovereign immunity because due to the nature and effect

26  of the relief sought the sovereign is not the party in interest.  Id. at 953.  The Ninth Circuit

27  declined to extend Cook v. AVI Casino Enterprises, Inc., 548 F.3d 718 (9th Cir. 2008), in which

28  the court held that low-ranking tribal employees were immune from claims that they performed

their tribal duties in a grossly negligent way. Cook, 548 F.3d at 727. The court distinguished these cases based on the remedies sought by the respective plaintiffs. In Cook, the plaintiff sued the individual defendants in their official tribal capacities in order to establish vicarious liability for the tribe. Id. In Maxwell, the plaintiff sued tribal officials in their individual capacities for money damages that would come from their own pockets. Maxwell, 697 F.3d at 955.

The present action is analogous to Cook. Plaintiff's amended complaint seeks damages in the amount of $4,300,000. Plaintiff argues that defendant Mooretown Rancheria's "voting members should be aware of the full damage to [her] life and [Tiger Lily's]," further stating that the damage was "[h]armful and racist." ECF No. 21 at 17. Plaintiff asserts that defendant McKinley created a racial environment. Id. at 12. Plaintiff also asserts that defendant Archuleta is responsible for pursuing a sovereign immunity agenda against her and referred to his actions as harassment from a powerful entity." Id. at 9. Based on the amount of damages sought, the comparison of defendant Archuleta to a powerful entity, and the assertion that Mooretown should have been aware of the harmful and racist damages partially caused by defendant's McKinley's actions, it is clear that defendant Mooretown is the "real, substantial party in interest." Cook, 548 F.3d at 727.

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594 (1972), Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.1988), plaintiff has been warned that a failure to amend her complaint to state viable actions against the tribal officials in their individual capacity would cause the entire action be dismissed with prejudice. ECF No. 20 at 11. Plaintiff must establish that her allegations give rise to a jurisdictional basis and state a plausible claim of relief. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Plaintiff has failed to state such an action with her amended complaint.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 14) be GRANTED and plaintiff's amended complaint (ECF No. 21) be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2013

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE

GGH 33: hall1856.mtd.2.ord